UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 10-00644-JHN | Date | June 4, 2015 |
|---|---|---|---|

| Present: The Honorable | **GEORGE H. KING, CHIEF UNITED STATES DISTRICT JUDGE** |
|---|---|
| Interpreter | None |

| Beatrice Herrera | Not Reported | Gregory S. Scally |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ryan Manzanares, pro se | | NO | | | | | |

**Proceedings:** (In Chambers) Order re Defendant's Motion to Terminate Supervised Release Term

The Court has received Defendant Ryan Manzanares's ("Defendant") "Motion to Terminate Defendant's Supervised Release Term" ("Motion"), filed on May 4, 2015. (See Dkt. No. 58.) We find this matter appropriate for resolution without oral argument. Having considered all of the papers filed in support of, and in opposition to, the Motion, we rule as follows.

**I.     Background**

On October 8, 2010, Defendant pled guilty to two counts of violating 18 U.S.C. § 1341, for mail fraud. (See Dkt. No. 32.) On December 20, 2010, the Honorable Jacqueline H. Nguyen sentenced Defendant to 27 months imprisonment and, upon release from imprisonment, supervised release for a term of three years. (See Dkt. No. 46.) Defendant was released on January 24, 2013 and is currently serving his term of supervised release.

Defendant filed the instant Motion on May 4, 2015. On May 8, 2015, the Court ordered the United States and the United States Probation Office to file their positions with respect to the Motion within fourteen days. The United States filed its Opposition on May 21, 2015 (hereinafter "U.S. Opp'n"). The Probation Office filed its position on June 1, 2015 (hereinafter "U.S.P.O. Response").

**II.     Legal Standard**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the Court to consider factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering the relevant § 3553(a) factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[1] 18 U.S.C. § 3583(e)(1); see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)). "The expansive phrase 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Ninth Circuit has cited the Second Circuit's decision in Lussier, 104 F.3d 32 (2d Cir. 1997), favorably for the holding that early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances. Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36). The Ninth Circuit has since explained that it is not necessarily required for a defendant to demonstrate undue burden or changed circumstances in order to be eligible for early termination, so long as the defendant meets the requirements of 18 U.S.C. § 3583(e)(1). See Emmett, 749 F.3d at 819-20; United States v. Bainbridge, 746 F.3d 943, 948-49 (9th Cir. 2014).

**III.    Discussion**

Defendant moves for early termination of his supervised release on various grounds. (See Mot.)

The Probation Office does not oppose the Motion, and, instead, recommends that the Court approve Defendant's request for early termination, given Defendant's history of compliance with the terms and conditions of his supervised release and his notable progress in reintegrating into his community. (See U.S.P.O. Response.)

The United States opposes the Motion. It argues that Defendant's compliance with the terms and conditions of his supervised release are expected and not a sufficient reason to justify early termination. In addition, the United States argues it is necessary for Defendant to remain on supervised release to ensure his compliance with his restitution payment obligations, as he owes over five hundred thousand dollars. (See U.S. Opp'n.)

Turning to the merits of the Motion, we evaluate the relevant 18 U.S.C. § 3553(a) ("Section 3553(a)") factors. See Gross, 307 F.3d at 1044. Regarding the nature and seriousness of the instant offense, we agree with the United States that the crime at issue was a serious offense involving fraud. However, Defendant has

---

[1] As required by the Ninth Circuit, in reaching a decision on a motion for early termination of supervised release, we must provide express reasons for our decision. Emmett, 749 F.3d at 820-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

completed his term of incarceration for the instant offense and even the Probation Office agrees that Defendant posses little threat of recidivism.  This Section 3553(a) factor weighs in favor of terminating Defendant's supervised release.

Next, given Defendant's record while on supervised release for over two years, requiring Defendant to serve the remaining approximately seven months of his three-year term would not serve the need for deterrence or the need to protect the public.  Defendant is correct, and the Probation Office confirms, that he has not violated any terms of his supervised release.  Ordinarily, a record of compliance with the terms of supervised release, though commendable, is expected from a person on supervision.  However, we give Defendant's record of compliance great weight in our determination because Defendant has complied with every condition for two years.  This is not the case, for example, of a defendant who has had only one positive drug test over the course of a few years of supervision, but an otherwise clean record.  Cf United States v. Smith, 219 F. App'x 666, at *1 (9th Cir. Jan. 23, 2007) (finding defendant who failed to register change of address and missed two drug test appointments did not demonstrate exceptionally good behavior to justify termination of supervised release); United States v. Sabatino, No. 02-CR-20067 JF, 2014 WL 6847779, at *2 (N.D. Cal. Dec. 3, 2014) (finding defendant who violated his release terms on one occasion did not demonstrate exceptional conduct and did not justify early termination of supervised release).  In contrast, Defendant has fully cooperated with his Probation Officer, has not engaged in any illegal behavior, has maintained stable employment and housing, and continues to be an active member in his family and his community.[2]  (See Mot.; U.S.P.O. Response.)  Defendant's record of compliance is exemplary and should be credited fully.  These factors weigh in favor of terminating Defendant's supervised release.

There is no need for continued supervision in order to provide Defendant with medical care or training, as he has been gainfully employed since he was released from custody and there is no evidence of any need for medical care.  These factors also weigh in favor of terminating Defendant's supervised release.

---

[2]  Moreover, Defendant is not required to demonstrate changed circumstances or undue burden in order to be eligible for early termination of his supervised release.  See Bainbridge, 746 F.3d at 948-50; Emmett, 749 F.3d at 819-20.  Even if there were such a requirement, Defendant has shown "exceptionally good behavior" as recognized in Miller, 205 F.3d at 1101, through his compliance with every condition of his term of supervised release over the course of two years in addition to the active role he has taken with his family and community and in his employment.  We note that several other district courts have determined that mere compliance with the conditions of supervised release are insufficient to justify early termination of supervised release.  See, e.g., United States v. Bauer, No. 09-CR-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").  In this case, however, Defendant's total compliance on every condition is commendable and sufficient to justify early termination of his supervised release.  See, e.g., United States v. Copeland, No. CR 02-00316 WHA, 2014 WL 1620947, at *1 (N.D. Cal. Apr. 22, 2014) (granting motion for early termination of supervised release for defendant who complied with all terms and conditions of supervised release); United States v. Baker, No. CR 02-00316 WHA, 2014 WL 1652486, at *1 (N.D. Cal. Apr. 23, 2014) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Finally, the United States argues that Defendant's outstanding restitution balance is a sufficient reason to deny the Motion. Defendant's Probation Officer in the District of Colorado represents that Defendant has paid "$24,938.90 towards his restitution to date" and that he "has paid his restitution each month in the amount of $500 on a consistent basis." (See U.S. Opp'n at Supp. Exh. 1.) Defendant is aware of his continuing obligation to make restitution payments, even if we terminate his supervised release. (See Mot. at ¶¶ 7-8 (stating that Defendant intends to pay "faithfully" his outstanding restitution balance).) Based on the foregoing, there is nothing in the record to suggest that Defendant will cease making his restitution payments if we grant the Motion; in fact, Defendant attests to the contrary. Thus, we do not consider Defendant's outstanding restitution balance to be a sufficient reason, in and of itself, to deny the Motion, especially in light of all the other Section 3553(a) factors weighing in favor of terminating Defendant's supervised release.

In weighing the relevant Section 3553(a) factors, we conclude that Defendant has demonstrated that early termination is warranted here. We are satisfied that terminating Defendant's term of supervised release is in the interest of justice. See 18 U.S.C. § 3583(e)(1).

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion for early termination of his three-year period of supervised release is **GRANTED**. Defendant's term of supervised release is hereby **TERMINATED**, effective immediately.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |